**TRUITT, Plaintiff-Appellee, v. PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3563. Decided October 7, 1953.

Peter B. Betras, Youngstown, for plaintiff-appellee.
Harrington, Huxley & Smith, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

About 1:30 o'clock on the misty morning of April 23. 1950, plaintiff operated an automobile in a southerly direction onto a track of the Pennsylvania Railroad Company, where it crosses West Avenue at grade in the city of Youngstown, which automobile was struck by one of defendant's trains then being operated in a westerly direction over such crossing, as the result of which the automobile was damaged and plaintiff was injured.

In his action filed in the court of common pleas to recover for damages to the automobile and his injuries the jury returned a verdict for plaintiff for $2450.00. The trial judge granted a remittitur of $650.00 upon acceptance thereof by plaintiff, and entered judgment for $1800 in favor of plaintiff.

The defendant appealed from that judgment to this court on questions of law, and by assignments of error contends that

the trial judge erred to its prejudice "in failing to grant a new trial to this defendant-appellant and upon entering judgment in favor of the plaintiff when the plaintiff failed to prove ownership of his automobile without introducing into evidence a certificate of title as required by §6290-4 GC"; in "failing and refusing to sustain the motion of the defendant-appellant made at the close of all the evidence to direct a verdict in its favor"; in "failing and refusing to enter judgment for the defendant-appellant when the evidence showed that the appellee was guilty of contributory negligence as a matter of law"; in "failing and refusing to sustain the motion of the defendant-appellant for judgment on the record in its favor notwithstanding the verdict of the jury"; in "failing to grant this defendant-appellant a new trial after finding that the verdict was excessive but not finding that such excess was not caused or brought about by passion or prejudice or both on the part of the jury"; and maintains that the trial judge erred in his general charge to the jury; that there are other errors apparent upon the face of the record; and that the judgment of the trial court is contrary to law.

Plaintiff testified that he stopped the automobile he was operating a distance of about fifteen feet from the track on which it was struck, at a crossing with which he was familiar and knew was unguarded; that he and his companion lowered the windows of the automobile he was operating, looked along the track in both directions, and seeing no train approaching in either direction operated the automobile upon it; that the deisel engine which hauled defendant's train was unlighted; that he heard no sound, bell or whistle of the train until alighting from the automobile immediately after the collision.

Plaintiff's companion testified that no signal of the approach of defendant's train was given by bell, horn, nor otherwise, before the collision between defendant's train and the automobile plaintiff was operating.

Four of defendant's five member crew, who were riding in the cab of defendant's deisel engine, which was hauling 14 cars, testified in substance that the train was travelling between 10 and 15 miles an hour; that the usual crossing whistle warning was sounded twice as it approached the point of collision; that the headlight was burning, and the bell was ringing; and that the engineer and fireman were at their assigned posts of duty and were keeping a lookout ahead.

Two members of defendant's crew testified that they thought the automobile plaintiff was driving stalled on the track on which defendant's train was approaching.

Plaintiff failed to introduce into evidence a certificate of title of ownership of the automobile he was driving when it

collided with defendant's train, which defendant contends "is necessary as part of the proof of the plaintiff before the court is authorized or warranted in entering judgment upon a verdict returned for plaintiff," and supports that contention by citation of the case of **Mielke v. Leeberson, 150 Oh St 528,** and §6290-4 GC.

The bill of exceptions discloses the following statement made by plaintiff's counsel: "Let the record show a stipulation that the plaintiff was at the time in question the sole owner of the 1940 Ford vehicle involved in the crash," to which defendant's counsel responded "yes."

In disposing of this question on defendant's motion for a new trial the trial judge held that the action we review was not an action to determine title to such automobile, and accordingly the stipulation to which reference has been made sufficed to prove ownership thereof.

In view of such stipulation there was no issue to present to the jury on the question of the ownership of plaintiff's automobile.

In his general charge to the jury the trial judge said:—

"As between a person about to cross over a railroad at a crossing and a train of cars approaching such crossing, the train has the right of way. This is so because the person, or the automobilist, could stop within a few feet and the train cannot. The duty of the driver of an automobile when approaching railroad tracks at a grade crossing, when the vision is obstructed, if it is, is to stop, look and listen, and to do so at the time and place when stopping, looking or listening, will be effective. In other words, it is the duty of the automobilist approaching a crossing right of way to use ordinary care for his own safety, and ordinary care is that which I have defined to you, such a degree of care as an ordinarily prudent and careful person ordinarily and customarily exercises under the same or similar circumstances. The right of the railroad company to enjoy the use of its railroad at the crossing of the public highway, and the right of the traveling public to use the highway, are coordinate and equal. Reasonable care and prudence must be exercised by each in the use of the same."

Defendant maintains that the portion of the charge reading: "The right of the railroad company to enjoy the use of its railroad at the crossing of the public highway, and the right of the traveling public to use the highway, are coordinate and equal," is inconsistent, and renders the charge prejudically erroneous.

Further the trial judge charged the jury:—

"Next, the plaintiff claims that the defendant was negli-

gent in not keeping a lookout ahead. The duty of the defendant in that respect would be, through its engineer, to use ordinary care in maintaining a lookout. Whether or not the defendant was negligent in that respect is an issue of fact for the jury under all the evidence in the case and under the law."

Further attacking the charge of the trial judge defendant's counsel contends:—

"This charge, we think, should not have been given to the jury at all and was not and is not justified under the evidence. The plaintiff did not produce even a scintilla of evidence that the members of the train crew were not keeping a lookout ahead of the train as it approached the crossing. Three and perhaps four members of the crew riding in the cab of the Deisel engine testified positively that they were looking ahead of the train as it approached the crossing. We, therefore, respectfully contend that the trial court was not authorized or warranted in submitting such question of negligence to the jury and that in doing so he committed prejudicial error. In fact it might well be that it was because of this part of the court's charge the jury found against the defendant in the trial court."

Reading and considering the general charge of the jury in its entirety we find no error prejudicial to defendant warranting a reversal of the judgment of the trial court.

The evidence, some of which has been cited supra, is such in our opinion as to present questions for the determination of the jury thus freeing the trial judge of the charge of prejudicial error in overruling defendant's motions for judgment to be entered in its favor made at the close of all the evidence and notwithstanding the verdict of the jury returned against it, and refusing to enter judgment in its favor on the ground that plaintiff was guilty of contributory negligence as a matter of law.

Now defendant contends that if this court determines it is not entitled to final judgment on the grounds already disposed of that it is entitled to a new trial for the reason that the trial judge upon plaintiff's acceptance granted a remittitur notwithstanding he found that the verdict of the jury was not the result of passion and prejudice.

Defendant cites the cases of **The Chester Park Co., v. Schulte, Admr., 120 Oh St 273; Jones v. The Macedonia-Northfield Banking Co., et al, 132 Oh St 341; and Larrissey, Admx., v. Norwalk Truck Lines, Inc., 155 Oh St 207.**

Defendant states by brief:—

"The rule in Ohio seems to have been the same over a long period of time and as we read and understand the cases that

rule required the trial court to find and hold two things before a remittitur, even with the consent of plaintiff's counsel, could be legally entered in the case. Those two things are, first, that the verdict is excessive, and, second, that the excessive amount was not caused or brought about by passion or prejudice and we do not have such findings in this case and, therefore, feel that the defendant-appellant is entitled to a new trial."

We find no merit in this assigned ground of error.

Appellant's counsel has failed to call our attention to "other errors apparent upon the face of the record," as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

The judgment of the trial court is affirmed.

GRIFFITH, PJ, NICHOLS, J, concur.